UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

JOSEPH SPIRA
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

      -against-


PROFESSIONAL CLAIMS BUREAU, INC.

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joseph Spira seeks redress for the illegal practices of Professional Claims Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Hicksville, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Joseph Spira*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 13, 2020, November 24, 2020 and December 15, 2020 Defendant sent the Plaintiff a collection letters seeking to collect a balance allegedly incurred for personal purposes.

11. The said letters, instead of it being sent to Plaintiff directly from its own offices, upon information and belief, Defendant sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house").

12. As such, Defendant had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information.

13. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence.

14. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

16. Defendant's communication to the mail house was in connection with the collection of a

debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

17. Plaintiff never consented to having his personal and confidential information, concerning the debt or otherwise, shared with anyone else.

18. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector.**" (emphasis added).

19. The mail house used by Defendant as part of its debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

20. Due to Defendant's communication to this mail house, information about the Plaintiff, including his name, the amount allegedly owed, and his home address are all within the possession of an unauthorized third-party.[1]

21. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

22. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See Hunstein v. Preferred Collection & Mgmt. Servs., Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

23. Defendant violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

24. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

25. Defendant's November 14, 2020 states as follows: "It is extremely important that you resolve this past due account and we suggest that you contact our offices via telephone or mail immediately.

"Payment is expected within 10 days of this notice. If this account is not resolved, we will assume that you have no intention of settling this outstanding balance."

26. This is statement is clearly a false sense of urgency. The consumer will believe that some other action will occur after the ten day period especially where the debt is significant, the balance being $1,317.75.

27. The letter implies that if the consumer has no intention of paying, there will be other actions taken to force the consumer to pay especially where the debt is an amount where suit could be brought, or other actions taken to make the time devoted worthwhile.

28. This is a classic case of a false sense of urgency with an implied threat of unintended action.

29. In fact, nothing substantial occurred after the said letter.

30. The Defendant sent a rather and comparatively tame letter dated December 15, 2020 which states in part as follows: "It is our hope that you choose to close out this account in a timely manner."

31. Said letter series violates 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his

right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. As an actual and proximate result of the acts and omissions of Professional Claims Bureau, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress, and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

41. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty one (41) as if set forth fully in this cause of action.

42. This cause of action is brought on behalf of Plaintiff and the members of a class.

43. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about October 13, 2020, November 14, 2020 and December 15, 2020; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Maimonides Medical Center; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692c(b), 1692e, 1692e(5), 1692e(10) and 1692f for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt and for using unlawful means in connection with the collection a debt.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.*, the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 21, 2021

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)



| | | |
|---|---|---|
| Balance Due | $1,317.75 | Creditor: MAIMONIDES MEDICAL CENTER |
| PCB # | 0017571619 | Patient Name: EZRIEL SPIRA |
| Client Acct # | 2002217834 | Service Date: 02/04/20 |

 **PROFESSIONAL CLAIMS BUREAU, INC.**
NYC Dept of Consumer Affairs License #0811196
*"Se Habla Español"*

The New York City Department of Consumer Affairs requires us to ask for your language preference for reporting purposes. At this time, Professional Claims Bureau, Inc. offers language access or translation services for the following languages: English & Spanish. These services are only available orally and not in written form. Translations and descriptions of commonly used debt collection terms are available in multiple languages at www.nyc.gov/dca

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours:  Mon - Fri 8:30am - 5pm

Pay Online 24/7/365
www.paypcb.com

E-Mail:
info@pcbinc.org

## IMPORTANT ACCOUNT INFORMATION

The above referenced account has been referred to our offices for collection by the creditor listed above.

Our professional account representatives are available to help you resolve this situation in a way that is acceptable to both you and our client.

The balance due may represent a balance after insurance or a balance that your insurance carrier has denied for some reason.

For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card.
www.paypcb.com

Additionally, feel free to mail your check, money order or credit card information along with the payment stub below.
*Whatever you do, please do not choose to ignore this outstanding debt.*

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*
ACA INTERNATIONAL   A/C REP: L MARCUS EXT 8228

820186 (PC2)

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.

| Account #: | Statement Date: |
|---|---|
| 2002217834 | 10/13/2020 |
| Patient Name: | |
| EZRIEL SPIRA | Balance Due: $1,317.75 |
| We accept: | |
| [cards] | Amount Paid |

card number — expiration date
signature — cvv code
print name

☐ Health/Flex Spending Account

**PO BOX 9060**
**HICKSVILLE, NY 11802-9060**

**RETURN SERVICE REQUESTED**

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please note your credit card statement will reflect a charge from Professional Claims Bureau, Inc.



005852
0102

JOSEPH SPIRA
1363 40TH ST
BROOKLYN, NY 11218-3503

0017571619
PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

501

4462-PCBSTM-4487563-3113689695-P; 20810330-1-2384; 32334602-1;

IF ANY OF THE FOLLOWING HAS CHANGED SINCE YOUR LAST STATEMENT, PLEASE INDICATE

**ABOUT YOU:**

- YOUR NAME (Last, First, Middle Initial)
- ADDRESS
- CITY / STATE / ZIP
- TELEPHONE ( )
- MARITAL STATUS: ☐ Single ☐ Married ☐ Separated ☐ Divorced ☐ Widowed
- EMPLOYER'S NAME / TELEPHONE ( )
- EMPLOYER'S ADDRESS / CITY / STATE / ZIP

**ABOUT YOUR INSURANCE:**

- YOUR PRIMARY INSURANCE COMPANY'S NAME / EFFECTIVE DATE
- PRIMARY INSURANCE COMPANY'S ADDRESS / TELEPHONE ( )
- CITY / STATE / ZIP
- POLICYHOLDER'S ID NUMBER / GROUP PLAN NUMBER
- YOUR SECONDARY INSURANCE COMPANY'S NAME / EFFECTIVE DATE
- SECONDARY INSURANCE COMPANY'S ADDRESS / TELEPHONE ( )
- CITY / STATE / ZIP
- POLICYHOLDER'S ID NUMBER / GROUP PLAN NUMBER



| | | |
|---|---|---|
| Balance Due | $1,317.75 | Creditor: MAIMONIDES MEDICAL CENTER |
| PCB # | 0017571619 | Patient Name: EZRIEL SPIRA |
| Client Acct # | 2002217834 | Service Date: 02/04/20 |

**PROFESSIONAL CLAIMS BUREAU, INC.**
NYC Dept of Consumer Affairs License #0811196
"Se Habla Espanol"

E-Mail: info@pcbinc.org

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

Pay Online 24/7/365
www.paypcb.com

### THIS ACCOUNT IS SERIOUSLY PAST DUE

We have tried to contact you by phone and/or mail regarding this outstanding debt due to our client. According to our records, this account still remains unresolved.

It is extremely important that you resolve this past due account and we suggest that you contact our offices via telephone or mail immediately. For your convenience, our website is available 24 hrs/7 days for you to resolve this account.

www.paypcb.com

Payment is expected within 10 Days of this notice. If this account is not resolved, we will assume that you have no intention of settling this outstanding debt.

We are here to help you, as our client was there to help in your time of need. Please allow us to help you resolve this account in an amicable manner.

If you have resolved this account directly with our client please make sure to notify us of such by sending proof of payment.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collection agency.

Professional Claims Bureau, Inc.
"Debt Collectors Since 1964"
ACA   A/C REP: L MARCUS EXT 8228

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.

| Account #: 2002217834 | Statement Date: 11/14/2020 | Due Date: 11/24/2020 |
|---|---|---|
| Patient Name: EZRIEL SPIRA | Balance Due: | $1,317.75 |



PO BOX 9060
HICKSVILLE, NY 11802-9060

**RETURN SERVICE REQUESTED**

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please note your credit card statement will reflect a charge from Professional Claims Bureau, Inc.

We accept:
card number                              expiration date
signature                                cvv code
print name

☐ Health/Flex Spending Account
0017571619

JOSEPH SPIRA
1363 40TH ST
BROOKLYN, NY 11218-3503

PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

502

4452-PCBSTM-4507267-3125890242-P; 20807787-1-2384; 32428564-1;



| | | |
|---|---|---|
| Balance Due: $1,317.75 | Creditor: MAIMONIDES MEDICAL CENTER | |
| PCB # 0017571619 | Patient Name: EZRIEL SPIRA | |
| Client Acct # 2002217834 | Service Date: 02/04/20 | |

 **PROFESSIONAL CLAIMS BUREAU, INC.**
NYC Dept of Consumer Affairs License #0611196
*"Se Habla Espanol"*

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

E-Mail: info@pcbinc.org

Pay Online 24/7/365
www.paypcb.com

### DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED

Your continued non-payment on the above reference account has prevented us from helping you to clear this account from our records.

Do not delay payment on this seriously delinquent account any longer.

- Call our offices to resolve this account with one of our collectors.
- Resolve your bill on our website www.paypcb.com
- Mail your check, money order or credit card information along with the payment stub below to close out this account.

It is our hope that you choose to close out this account in a timely manner.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collection agency.

 Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*
ACA A/C REP: L MARCUS EXT 6228

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.

| Account #: 2002217834 | Statement Date: 12/15/2020 | Due Date: 12/25/2020 |
|---|---|---|
| Patient Name: EZRIEL SPIRA | Balance Due: | $1,317.75 |

We accept: 

Amount Paid

card number / expiration date
signature / cvv code
print name

☐ Health/Flex Spending Account

PO BOX 9060
HICKSVILLE, NY 11802-9060

**RETURN SERVICE REQUESTED**

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please note your credit card statement will reflect a charge from Professional Claims Bureau, Inc.



022160
0202

JOSEPH SPIRA
1363 40TH ST
BROOKLYN, NY 11218-3503

0017571619
PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

503

4452-PCBSTM-4527227-3142390923-P; 21014342-2-342; 32523072-1;